### CONGDEN *vs.* SANFORD

Plaintiff was the grantee of a purchaser under a foreclosure sale, and brought replevin against defendant for the half of a crop taken off the premises by him after the conveyance to plaintiff. *Held*, that an agreement made between mortgagor and defendant before, and assented to by mortgagee after the institution of foreclosure proceedings, that defendant might crop the land on shares, should have been received as evidence.

The agreement effectually protected defendant against the operation of the mortgage.

REPLEVIN for the taking of a quantity of rye in the sheaf. Lucinda Williams, being the owner of a farm in Rensselaer county, on the 18th January, 1838, mortgaged it to V. R. Ray to secure the payment of $3,300, which was subsequently assigned to E. Alvord. In June, 1841, Alvord proceeded to foreclose the mortgage and filed his bill for that purpose against Lucinda, the mortgagor, A. Ray and Layfayette Williams, and filed the usual notice of lis pendens in the clerk's office on the 22d same month, and obtained a decree of foreclosure in the usual form on the 26th November, 1841. In pursuance of which a sale took place by a master in chancery in March, 1842, and the premises were purchased by J. C. Mather, to whom they were conveyed on the 7th of same month; and on the 7th July following he conveyed to the plaintiff. The rye in question had been sown on the lot by defendant in the fall of 1841, and in the latter part of July, 1842, he and his hands cut and carried away one half the crop, 1125 sheaves, leaving the other half standing in the shock, which was afterwards taken by the plaintiff. It was agreed the rye taken should be valued at $30; it was replevied on the 27th July, 1842.

The defendant offered to prove on his defence, that Lucinda Williams, the owner and occupant of the farm at the time, in April, 1841, before the filing of the bill of foreclosure, made an agreement with him to put the rye in upon shares; he to cut it and set it up in shocks, and to deliver to said Lucinda one half in the sheaf in the field. And that

Congden v. Sanford.

after the institution of the proceedings, said Lucinda called upon Alvord and inquired of him if she could go on and occupy the farm as she had done, notwithstanding the foreclosure; to which he replied that she could, and directed her to go on and manage it the same as she had done; that it was uncertain if he proceeded to foreclosure; and if he did the crops should be protected. And the defendant further offered to prove, that the master sold the premises subject to his, defendant's, interest in the crop; and that Mather, the purchaser, agreed at the time that he should have the privilege of taking off his share. The testimony was objected to and rejected by the circuit judge; he holding that the title carried the crops; and that the master's deed, therefore, carried them to the purchaser.

The jury under this direction found for the plaintiff $30 damages, and assessed the value at $30. Defendant moves for a new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J. The learned judge clearly erred in rejecting the evidence offered, as it established a perfect title to the property in question in the defendant. It would have shown an agreement between him on the one side, and both the mortgagor and mortgagee on the other, to crop the land, which effectually protected him against the operation of the mortgage. (Powell on Mort., 246–8; *Costigan* v. *Hartlan*, 2 Sch. & Lef., 160; *Keech* v. *Hall*, Doug., 22; Coote on Mortg., 346–8.)

The recording acts have nothing to do with the case, as leases under three years are not within them. (1 R. S., 752, § 38.)

New trial granted.